# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____
                              )
DEBRA AUGUSTUS,               )
                              )
          Plaintiff,          )
                              )
     v.                       )    Civil Action No. 09-1003 (EGS)
                              )
GARY LOCKE, Secretary,        )
U.S. Department of Commerce,  )
                              )
          Defendant.          )
                              )
_____)
```

## MEMORANDUM OPINION

Plaintiff Debra Augustus brings this action against Defendant United States Department of Commerce (the "DOC") alleging race and sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Pending before the Court is defendant's motion to dismiss, or in the alternative, for summary judgment. Upon consideration of the motion, the response and reply thereto, the applicable law, the entire record, the arguments of counsel made during the motions hearing held on March 24, 2010, and for the reasons stated below, the Court **DENIES** defendant's motion for summary judgment as to plaintiff's race and sex discrimination claims and **GRANTS** without prejudice defendant's motion for summary judgment as to plaintiff's retaliation claim.

## I.  BACKGROUND

Plaintiff is an African-American female employed as an Equipment Facilities Services Assistant in the Office of Facilities Management at the DOC.  Compl. ¶¶ 5, 6.  She has been employed in that position since approximately June 2004.  Compl. ¶ 6.  Her rank is roughly equivalent to a GS-8 rank, and plaintiff's annual salary is approximately $52,000.  Compl. ¶ 6.

On or about December 18, 2007, defendant assigned plaintiff the duties of the Contracting Officer Technical Representative ("COTR") in the cafeteria at the Herbert C. Hoover Building in addition to her duties as an administrative assistant.  Compl. ¶ 7.  Her duties as a COTR include, among other things, performing twice daily inspections of the cafeteria, monitoring the employees for health code compliance, and inventory maintenance.  Compl. ¶ 9.  Plaintiff spends approximately 45-50% of her work time performing COTR duties.  Compl. ¶ 10.

### A.  Plaintiff's Allegations of Race & Sex Discrimination (Agency Complaint No. 08-51-00148)

When plaintiff was assigned the COTR duties, she was informed by her first-line supervisor, Ms. Pat McNutt (white, female), that she would receive a pay increase.  Compl. ¶ 11.[1] Plaintiff's second-line supervisor (white, male) and fourth-line supervisor (white, male), however, allegedly stalled efforts to increase plaintiff's salary.  *See* Compl.  ¶¶ 12-17.

---

[1]    The previous COTR was GS-12 rank (white, male), and the previous back-up COTR was a GS-11 rank (white, male); both earned salaries of approximately $75,000.  Compl. ¶ 8.

Accordingly, on June 23, 2008, plaintiff filed a formal complaint of discrimination (Agency Complaint No. 08-51-00148) alleging that she was not properly compensated for her additional COTR duties because of her race and sex. *See* Def.'s Statement of Material Facts ("SMF") ¶ 2; Pl.'s Ex. 1, Declaration of Debra Augustus ("Augustus Decl.") ¶ 6; *see also* Def.'s Ex. C. The agency accepted these claims for investigation on July 9, 2008. *See* Pl.'s Ex. 3. The agency completed its investigation on September 23, 2008, and advised plaintiff that she had 30 days to either request a hearing before an Equal Employment Opportunity Commission ("EEOC") administrative judge or a Final Agency Decision based on the record. *See* Def.'s Ex. E. On September 29, 2008, Ms. Augustus elected to proceed with a hearing before an administrative judge. *See* Def.'s SMF ¶ 3; Def.'s Ex. F.

On December 10, 2008 – 170 days after plaintiff filed her agency complaint – the Washington field office of the EEOC sent the parties an "Acknowledgment and Order." *See* Def.'s Ex. H. This order acknowledged receipt of plaintiff's request for a hearing, and provided an overview of the hearing process, including the parties' discovery obligations. *See* Def.'s Ex. H. Specifically, the order advised that "[a]bsent prior approval from the Administrative Judge, a party must initiate discovery within twenty (20) calendar days of receipt of this Order." Def.'s Ex. H. Plaintiff's counsel received the Acknowledgment and Order on December 19, 2008, *see* Augustus Decl. ¶ 8, and

served discovery requests on the DOC on January 7, 2009.  On
January 8, 2009, however, the DOC advised plaintiff that it would
not respond to her discovery requests, explaining that the
requests were due by January 5, 2009 and were therefore untimely.
*See* Def.'s SMF ¶ 4; Augustus Decl. ¶ 10.  Plaintiff's counsel
immediately filed a motion to extend the deadline to initiate
discovery nunc pro tunc and to compel discovery responses,
stating her intent to file suit in federal court if the request
was denied.  *See* Def.'s SMF ¶ 4; Augustus Decl. ¶ 10.[2]

On or about February 11, 2009, the administrative judge
advised counsel that he would not grant plaintiff's motion and
ruled that plaintiff would be precluded from conducting
discovery.  *See* Def.'s SMF ¶ 5; Augustus Decl. ¶ 11.
Accordingly, on February 16, 2009, plaintiff's counsel advised
the EEOC that plaintiff had decided to file a complaint in
federal district court.  *See* Pl.'s Ex. 6.

### B.  Plaintiff's Allegation of Retaliation (Agency Complaint No. 09-51-00510)

Plaintiff also alleges that after she filed her
administrative complaint asserting race and sex discrimination
claims (Agency Complaint No. 08-51-00148), her first-line
supervisor, Ms. McNutt, began retaliating against her by, *inter*

---

[2]     *See also* Pl.'s Ex. 5, Plaintiff's Motion To Extend Deadline
to Initiate Discovery ("There is no reason to believe that the
two day delay between when discovery requests were due – January
5, 2009 – and when Complainant served discovery – January 7, 2009
– would prejudice or cause any harm to the Agency.  Furthermore,
if the Agency refuses to respond to discovery, Complainant's
recourse would be to file a lawsuit in federal court, which would
result in unnecessary delay and cost to all parties.").

*alia*, scrutinizing her work performance, threatening to give plaintiff's COTR duties to other employees, prohibiting plaintiff from leaving her desk during certain hours, and withholding pertinent information from plaintiff. *See* Compl. ¶¶ 20-27. Accordingly, on June 15, 2009, plaintiff filed another formal complaint of discrimination (Agency Complaint No. 09-51-00510), alleging that Ms. McNutt subjected her to a hostile work environment in retaliation for filing her initial EEO complaint (Agency Complaint No. 08-51-00148). *See* Def.'s SMF ¶ 6; Augustus Decl. ¶ 15. This complaint was accepted for investigation on July 1, 2009. *See* Pl.'s Ex. 7. On September 1, 2009, plaintiff amended her complaint to include additional events in support of her claims for hostile work environment and retaliation. *See* Augustus Decl. ¶ 16. Plaintiff's amended complaint was accepted for investigation on September 8, 2009, and was completed on December 3, 2009. *See* Docket No. 14, Pl.'s Status Report dated March 23, 2010 ("Pl.'s Status Report") ¶ 3. On December 10, 2009, plaintiff elected to proceed with a hearing before an administrative judge. *See* Pl.'s Status Report ¶ 4. The parties are currently engaged in discovery, which is set to close on April 2, 2010. Pl.'s Status Report ¶ 6.

## C. This Action

Plaintiff filed a complaint in this Court on May 29, 2009, alleging sex discrimination, race discrimination, and retaliation. On August 24, 2009, defendant filed a motion to

dismiss, or in the alternative, for summary judgment based on plaintiff's alleged failure to exhaust her administrative remedies as to these claims. This motion is now ripe for determination by the Court.

## II. STANDARD OF REVIEW[3]

Summary judgment is appropriate when the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. Dist. of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). A material fact is one that is capable of affecting the outcome of the litigation. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 252. A court considering a motion for

---

[3] Motions to dismiss for failure to exhaust Title VII administrative remedies are generally resolved as motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Marcelus v. Corr. Corp. of America*, 540 F. Supp. 2d 231, 234-35 (D.D.C. 2008) (citing cases and explaining that because the Title VII exhaustion requirement is not jurisdictional, cases should not be resolved under Federal Rule of Civil Procedure 12(b)(1)). In this case, however, the Rule 12(b)(6) standard is inappropriate, as plaintiff's complaint does not attach or reference the relevant agency documents needed to resolve the exhaustion issue. *Cf. id.* at 235 n.5 (treating an EEOC charge as incorporated in the complaint because it was referenced therein). Therefore, because the Court must look outside the pleadings to resolve defendant's motion, the Court will analyze plaintiff's alleged failure to exhaust her Title VII administrative remedies under the summary judgment standard. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6). . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant. *Id.* at 255. To survive a motion for summary judgment, however, the requester "must do more than simply show that there is some metaphysical doubt as to the material facts"; instead, the nonmoving party must come forward with "'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (quoting Fed. R. Civ. P. 56(e)).

## III. ANALYSIS

Defendant argues that plaintiff's complaint must be dismissed, or, alternatively, summary judgment must be granted, because plaintiff has failed to exhaust her administrative remedies. First, with regards to plaintiff's claims of race and sex discrimination, defendant argues that plaintiff is precluded from pursuing those claims because she purportedly "abandoned" them by withdrawing from the administrative hearing process on February 16, 2009. Second, with regards to plaintiff's retaliation claim, defendant argues that Ms. Augustus has not yet exhausted this claim as she is actively litigating the issue before an administrative judge. The Court will explore these arguments in turn.

### A. Exhaustion of Administrative Remedies Generally

It is well settled that prior to commencing a Title VII suit in federal district court, a plaintiff must exhaust his or her remedies at the administrative level by asserting all claims in

an administrative complaint and allowing the agency time to act on the complaint. *See generally* 42 U.S.C. § 2000e-16(c). The exhaustion requirement "serves the important purposes of giving the charged party notice of the claim and narrowing the issues for prompt adjudication and decision." *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (internal quotation marks omitted). "The Court may dismiss a claim when a plaintiff fails to exhaust administrative remedies before filing a discrimination action." *Jones v. Wash. Times*, 668 F. Supp. 2d 53, 57 (D.D.C. 2009)(citing *Rann v. Chao*, 346 F.3d 192, 194-95 (D.C. Cir. 2003)).

### B. Exhaustion of Plaintiff's Race and Sex Discrimination Claims

Defendant argues that "[w]hen a plaintiff elects to request a hearing before an EEOC administrative judge, her failure to complete the hearing process is regarded as an abandonment of the administrative process," which "bar[s] [her] from seeking redress from the courts." Def.'s Mot. at 11-12. Plaintiff responds that she should not be precluded from seeking relief as to her race and sex discrimination claims in this Court because she assisted the agency in its initial investigation of her complaint and waited more than 180 days to file suit. *See* Pl.'s Opp'n Br. at 6 (citing 29 C.F.R. § 1614.407).[4] This Court agrees with

---

[4]     The right of federal employees to file a civil action against the government is provided by section 717(c) of Title VII, 42 U.S.C. § 2000e-16(c). The regulation interpreting this statute is 29 C.F.R. § 1614.407. This regulation provides that a

plaintiff, and finds that Ms. Augustus has sufficiently exhausted her race and sex discrimination claims at the administrative level.

While the Court is aware that at least two judges in this district have held that voluntary dismissal of a request for an administrative hearing precludes a plaintiff from filing suit in federal district court, *see Wiley v. Johnson*, 436 F. Supp.2d 91, 95 (D.D.C. 2006) (finding that the plaintiff, who voluntarily dismissed his administrative hearing action nearly two years after filing his agency complaint, had failed to exhaust his administrative remedies; "[I]nstead of exhausting his Administrative Claim, [plaintiff] voluntarily dismissed it. . . . [Plaintiff] cannot use a voluntary dismissal to avoid the requirement of exhaustion, as this would undermine the purposes behind the exhaustion doctrine. . . . Because [plaintiff] failed to exhaust his administrative remedies, the Court lacks jurisdiction and will dismiss this suit."); *Smith v. Koplan*, 362 F. Supp. 2d 266, 268-69 (D.D.C. 2005) ("Upon completion of the [agency] investigation, plaintiff had the option of either

_____

complainant is deemed to have exhausted all administrative remedies and is authorized under Title VII to file a civil action in the appropriate United States District Court if any of the following conditions are met: "(a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed; (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and a final action has not been taken; (c) Within 90 days of receipt of the Commission's final decision on an appeal; or (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission." 29 C.F.R. § 1614.407.

requesting an immediate final decision from the agency, or a hearing before an EEOC administrative judge. Plaintiff chose the latter, but failed to complete the process. . . . Plaintiff abandoned the administrative proceedings that she initiated with regard to her claims, and is therefore prohibited from seeking redress of those claims in this Court."), the Court declines to follow those decisions. Instead, the Court concludes this court's decision in *Brown v. Tomlinson*, 462 F. Supp. 2d 16 (D.D.C. 2006) – which holds that, pursuant to 29 C.F.R. § 1614.407(b), a plaintiff may withdraw from an administrative hearing after cooperating with an agency's investigation for 180 days – is most consistent with the case law of this and other Circuit courts, and should be followed.

In *Brown*, the plaintiff filed a formal administrative discrimination complaint against the defendant agency. *Id.* at 17. After the agency completed its investigation of the complaint, the plaintiff elected to have a hearing before an EEOC administrative judge. *Id.* After missing several discovery deadlines, the plaintiff withdrew his complaint from the hearing process in order to pursue his claim in federal district court. *Id.* While the *Brown* court initially granted defendant's motion for summary judgment based on the plaintiff's alleged failure to exhaust his administrative remedies, *id.* at 18, the court subsequently vacated the decision, concluding that plaintiff had satisfied 29 C.F.R. § 1614.407(b) because "more than 180 days had

elapsed before plaintiff withdrew from the administrative proceeding[.]" *Id.* at 20; *see* 29 C.F.R. § 1614.407(b) (allowing a complainant to bring a lawsuit in federal court "[a]fter 180 days from the date of filing an individual or class complaint if an appeal has not been filed and a final action has not been taken").

Defendant urges the Court to reject *Brown*, arguing that the decision overlooked regulations governing the hearing and post-hearing administrative process. *See* Def.'s Reply Br. at 3-4; *see also* 29 C.F.R. § 1614.109 (requiring an administrative judge to issue a decision within 180 days of receipt of the complaint file); *id.* § 1614.110(a) (requiring the agency to issue a final order within 40 days of receipt of the hearing file). Specifically, defendant argues that "*Brown* improperly compressed the entirety of the administrative process into a single 180-day period, even though the plaintiff requested an EEOC hearing and the applicable regulations allow an 180-day period for the hearing process." Def.'s Reply Br. at 3-4. What defendant fails to recognize, however, is that "the EEOC's guidance makes clear that a complainant may voluntarily withdraw a request for hearing at any time." *Abdelkarim v. Tomlinson*, 605 F. Supp. 2d 116, 120 (D.D.C. 2009) (Sullivan, J.); *see* Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 7-1 (Nov. 9, 1999) ("Generally, an Administrative Judge will conduct a hearing on the merits of a complaint unless . . . the hearing

request is voluntarily withdrawn."). While a complainant may
elect to allow an administrative hearing to run its full course,
there is no statute or regulation requiring a plaintiff to
complete the administrative hearing process if more than 180 days
has passed without a final determination by the agency; to the
contrary, the plain language of 42 U.S.C. § 2000e-16(c) and 29
C.F.R. § 1614.407(b) give federal employees the right to sue in
federal district court if an agency fails to take final action on
his or her Title VII complaint with 180 days. This determination
is consistent with the purpose of the 180-day provision, which
our Circuit has described as follows:

> The 180 day provision represents a Congressional
> determination that providing prompt access to the
> courts in discrimination disputes is so important
> that the administrative process will be given only a
> finite time to deal alone with a given dispute. . . .
> Requiring a complainant to further pursue
> administrative remedies after fulfilling all the
> prerequisites to suit specified by the EEOA, and most
> importantly, after 180 days have elapsed without
> final administrative action, would frustrate that
> response.

*Wilson v. Pena*, 79 F.3d 154, 167 (D.C. Cir. 1996)(quoting *Grubbs
v. Butz*, 514 F.2d 1323, 1327-28 (D.C. Cir. 1975)).

Accordingly, the Court concludes that there is no reason for
it to stray from *Brown*, finding the decision both well-reasoned
and consistent with Circuit authority. *See Saksenasingh v. Sec'y
of Educ.*, 126 F.3d 347, 350 (D.C. Cir. 1997) ("We have held that
under 42 U.S.C. § 2000e-16(c), a complainant may [] file suit
after the appropriate number of days has elapsed since

complaining to the agency . . . ."); *Wilson*, 79 F.3d at 166
(holding, in the context of an EEOC enforcement action, that
"[o]nce a complainant files a complaint or appeal and cooperates
with the agency or EEOC for 180 days, he is not required to take
any further action to exhaust his administrative remedies"); *see
also Martinez v. Dep't of the United States Army*, 317 F.3d 511,
511-12 (5th Cir. 2003) ("Because 42 U.S.C. § 2000e-16(c) allows
federal employees to file suit in federal court if an agency has
not taken final action within 180 days and because withdrawing a
request for an EEOC hearing was not a failure to cooperate with
the administrative process, we reverse dismissal of employee's
lawsuit and remand."); *Waiters v. Parson*, 729 F.2d 233, 237 (3d
Cir. 1984) ("[B]efore filing a Title VII suit, a federal employee
charging an employer with discrimination must file a complaint
with the EEOC, and allow 180 days to pass during which the EEOC
will attempt to resolve the dispute without resorting to
litigation. At the end of the 180 day period the employee is
entitled to sue, regardless of the pendency of EEOC
proceedings.").

Applying *Brown* to the facts of this case, the Court
concludes that plaintiff has satisfied the requirements of 29
C.F.R. § 1614.407(b) with respect to her race and sex
discrimination claims.  Specifically, as discussed above,
plaintiff filed her agency complaint alleging race and sex
discrimination on June 23, 2008.  Plaintiff participated in the
administrative hearing process until February 16, 2009 - 238 days

after the filing of her agency complaint. After cooperating with the agency for more than 180 days, plaintiff had no obligation to continue litigating in the administrative forum.[5] The Court finds, therefore, that plaintiff's race and sex discrimination claims are properly before this Court. Accordingly, defendant's motion for summary judgment as to plaintiff's race and sex discrimination claims is hereby **DENIED**.

## C. Exhaustion of Plaintiff's Retaliation Claim

Defendant also seeks dismissal of plaintiff's retaliation claim. As discussed above, plaintiff's retaliation claim was raised in her second agency complaint (Agency Complaint No. 09-51-00510). On December 10, 2009, plaintiff elected to proceed with a hearing before an administrative judge as to this claim, and is currently engaged in discovery in the administrative action. *See generally* Pl.'s Status Report. At the motions hearing held on March 24, 2010, the Court asked plaintiff's counsel if she was aware of any authority allowing a party to simultaneously litigate a claim before an agency and a federal court; plaintiff's counsel indicated that she was aware of none. Accordingly, having been provided with no authority to support the simultaneous adjudication of plaintiff's retaliation claim in

---

[5] *See also, e.g.*, *Martinez*, 317 F.3d at 511(concluding that the plaintiff's withdrawal of his request for an administrative hearing after more than 180 days had elapsed in order to file suit in federal district court did not constitute "a failure to cooperate with the administrative process"); *Brown*, 462 F. Supp. 2d at 21 (finding that a plaintiff's failure to cooperate in an administrative hearing after more than 180 days had elapsed did not "result in the loss of the right to file suit in district court").

both fora, and cognizant of the Circuit's instruction that exhaustion of administrative remedies is necessary in order to "afford the agency an opportunity to resolve the matter internally and to avoid unnecessarily burdening the courts," the Court concludes that plaintiff has failed to exhaust her administrative remedies as to her retaliation claim. *Wilson*, 79 F.3d at 164. Accordingly, defendant's motion for summary judgment as to plaintiff's retaliation claim is **GRANTED**. The Court notes, however, that this judgment is without prejudice, as plaintiff has the right to pursue her retaliation claim in a federal district court pursuant to 29 C.F.R. § 1614.407(b) upon withdrawal from or completion of the administrative process. *See* Pl.'s Ex. 8 (indicating that March 1, 2010 "represents 180 days from the date of [plaintiff]'s amendment request").

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** defendant's motion for summary judgment as to plaintiff's race and sex discrimination claims, and **GRANTS,** without prejudice, defendant's motion for summary judgment as to plaintiff's retaliation claim. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed: EMMET G. SULLIVAN**
**UNITES STATES DISTRICT JUDGE**
**March 29, 2010**